OPINION
The defendant/appellant, Neil L. Jordan ("the appellant"), appeals his conviction by the Seneca County Municipal Court, finding him guilty of three counts of vehicular manslaughter, in violation of R.C. 2903.06(A)(4). Based on the following, we reverse the judgment of the trial court.
Mr. Jordan was returning home from a basketball game on January 21, 2001 when, at approximately 8:30 p.m., his auto collided with another at the intersection of U.S. Route 224 and Hopewell Township Road 113 in Hopewell Township, Seneca County, Ohio. As a result of that accident, Lisa M. Johnson and Daniel P. Shaver, the occupants of the other auto, were killed. The eight to twelve week old fetus that Ms. Johnson was carrying also perished.
The appellant was charged with three counts of vehicular manslaughter. The state alleged that he violated R.C. 4511.43(A), in that he failed to stop at the point nearest the intersecting roadway where he had clear view of approaching traffic on the intersecting roadway before entering it, and that he consequently caused the deaths of Lisa M. Johnson, Daniel P. Shaver, and the unlawful termination of Ms. Johnson's pregnancy, in violation of R.C. 2903.06(A)(4). The appellant was found guilty of all three counts by a jury. He was sentenced to 45 days in jail on each count, to be served consecutively, and fined $375.00, plus costs.
The appellant now appeals his convictions, raising three assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I As a matter of law, the trial judge committed error prejudicial to the defendant-appellant by denying his motion for judgment of acquittal at the conclusion of the State's case [Trial Transcript, p. 222], at the conclusion of all of the evidence [Trial Transcript, p. 230], and after the return of the verdict [Ruling of August 13, 2001], since the State failed to provide any evidence (direct, circumstantial, or otherwise) that the defendant-appellant failed to stop in violation of Revised Code § 4511.43(A).
 ASSIGNMENT OF ERROR NO. II The judgment of the trial court is against the manifest weight of the evidence.
 ASSIGNMENT OF ERROR NO. III As a matter of law, the trial judge committed error prejudicial to the defendant-appellant by entering consecutive sentences when the offenses charged arise from a single transaction and by considering facts not in evidence in the imposition of sentence.
The appellant asserts in his first assignment of error that the trial court erred in failing to grant his motions for judgment of acquittal at various stages of his trial because, he alleges, the state failed to prove a material element of the charges against him. We agree with the appellant.
Crim.R. 29 prohibits a court from entering an order of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.[1] Furthermore, in reviewing a ruling on a Crim.R. 29 motion for judgment of acquittal, a reviewing court must construe the evidence in a light most favorable to the prosecution.[2] Thus, we must determine if, construing the evidence in the light most favorable to the state, evidence was presented before the trial court which would allow reasonable minds to reach different conclusions as to whether the state proved all the material elements of vehicular manslaughter beyond a reasonable doubt.
The portion of R.C. 2903.06 under which the appellant was charged reads, in relevant part:
 (A) No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall cause the death of another or the unlawful termination of another's pregnancy in any of the following ways:
* * *
 (4) As the proximate result of committing a violation of any provision of any section contained in Title XLV of the Revised Code that is a minor misdemeanor or of a municipal ordinance that, regardless of the penalty set by ordinance for the violation, is substantially equivalent to any provision of any section contained in Title XLV of the Revised Code that is a minor misdemeanor.
The underlying minor misdemeanor the appellant was found to have violated is R.C. 4511.43(A), which states:
 Except when directed to proceed by a law enforcement officer, every driver of a vehicle or trackless trolley approaching a stop sign shall stop at a clearly marked stop line, but if none, before entering the crosswalk on the near side of the intersection, or, if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it. After having stopped, the driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection or junction of roadways.
The appellant argues that the state presented no evidence that he failed to stop in violation of R.C. 4511.43(A). Rather, he argues, in order for the jury to find that he failed to stop, it had to draw an inference from another inference.
It is impermissible for a trier of fact to draw "[a]n inference based * * * entirely upon another inference, unsupported by any additional fact or another inference from other facts[.]"[3] If, however, the second inference is based in part upon another inference and in part upon facts, it is a parallel inference and, if reasonable, is permissible.[4]
Likewise, a trier of fact may draw multiple inferences from the same set of facts.[5]
There was no direct evidence presented at the trial regarding whether the appellant failed to stop at the stop sign.[6] What follows is a summary of the relevant evidence that was presented:
 1. Pictures and descriptive testimony of the crash scene, including evidence that the victims' car was wrapped around a telephone pole and torn almost in half;
2. testimony regarding the position of the stop sign;
 3. testimony about the point nearest the intersecting roadway where the appellant had a clear view of approaching traffic on the intersecting roadway, which was identified as the point where the fog line on U.S. 224 would traverse 113 if projected into the intersection, and testimony as to the distance between that point and the point of impact;[7]
 4. testimony that the appellant's car was traveling southbound at the time of the accident and the victims' car was traveling westbound;
 5. testimony that the cars traveled in a basically southerly direction after the initial impact;
 6. testimony that no evasive action was taken by either driver prior to impact;
 7. testimony that the final resting point of both cars was the southwest corner of the intersection of U.S. 224 and Township Road 113;
 8. and testimony regarding the injuries to and causes of death of the victims.
We agree with the appellant that the only way the jury could have concluded that he failed to stop in accordance with R.C. 4511.43(A) was to first infer from the evidence that his vehicle was traveling at a high rate of speed at the time of impact. Any further inference beyond this must have been supported by additional facts. The record reveals no other evidence to support an inference that the appellant failed to stop, nor do the facts that were presented independently support it. Thus, the inference that the appellant failed to stop could only be based on an inference that his vehicle was traveling at a high rate of speed, which amounts to an impermissible inference built upon another inference.[8]
Thus, we find that the appellant's Crim.R. 29 motion should have been granted because reasonable minds could only find that the State failed to prove beyond a reasonable doubt that the appellant violated R.C. 4511.43(A).
The crucial flaw in the state's case was the lack of expert testimony and scientific evidence, which, if properly presented, would have assisted the jury in understanding the significance of the state's demonstrative evidence. The limited accident reconstruction testimony in this case, in conjunction with photographs and diagrams, established the extent of damage to the vehicles, points of impact, and relative positions of the vehicles following the collision. While this evidence is significant, in order to use it as the cornerstone of their case, the state needed to establish that based on the evidence: 1) the appellant's vehicle must have been traveling at a minimum speed and 2) this speed was greater than the appellant's vehicle could have achieved in any acceleration from a proper stop at either the stop sign or the fog line.
No scientific evidence or expert opinion was placed before the jury to assist them in establishing the speed of appellant's vehicle at the point of impact with the other car. In addition, no scientific evidence or expert opinion was placed before the jury to properly assist them in ascertaining the acceleration capability of appellant's vehicle from either the fog line (approximately three feet from the point of impact) or the stop sign (some 24-27 feet from the point of impact), to the point of impact. In fact there was brief testimony from the state's expert that the acceleration capability of appellant's vehicle to the point of impact might have been anywhere from zero to thirty miles per hour or possibly even zero to sixty miles per hour from a stop at the fog line.
As a result, from the crash scene evidence alone, the jury in this case was permitted to determine for itself, without any expert or other supporting testimony: 1) that the appellant had to be traveling at a certain minimum speed sufficient to create the existing crash scene and 2) that this speed exceeded the capability of appellant's car to accelerate from a lawful stop at the stop sign or the fog line — in order to then determine that appellant did not stop at either location prior to the collision.
In addition to requiring an improper stacking of inferences, the impact-speed and acceleration determinations described above are beyond the knowledge or experience of lay persons and therefore constitute determinations which are not permissible for a jury to make from crash scene evidence alone, without the assistance of expert testimony.[9]
Because we find for the appellant on this assignment of error, we need not address his second or third assignments of error.
Accordingly, the appellant's first assignment of error is well taken and hereby affirmed.
Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment Reversed.
SHAW, P.J., and WALTERS, J., concur.
[1] State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus.
[2] State v. Wolfe (1988), 51 Ohio App.3d 215-16.
[3] State v. Cowans (1998), 87 Ohio St.3d 68, 78, quoting Hurt v.Charles J. Rogers Transp. Co. (1955), 164 Ohio St. 329, paragraph one of the syllabus.
[4] Id., quoting Hurt, supra, at paragraph two of the syllabus.
[5] Hurt, supra.
[6] Because the trial judge suppressed the state's expert's reconstruction of the crash, no expert testimony was presented regarding whether the appellant ran the stop sign.
[7] One of the state's witnesses placed this distance at 2 feet and 10 inches, while another put it at 3 feet.
[8] Cf., Cowans, 87 Ohio St.3d 68; Brown v. East Ohio Gas Co. (Oct. 4, 2001), Cuyahoga App. No. 79003, unreported; State v. King (May 17, 1995), Montgomery App. No. 14309, unreported.
[9] See Evid.R. 702.